**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

GREGORY RICE as Special Administrator                                       PLAINTIFF
of the Estate of Fred Rice, and on behalf of
the Wrongful Death Beneficiaries of Fred Rice

v.                                       No. 4:16CV00599 JLH

ADCARE OPERATIONS LLC, *et al.*                                       DEFENDANT

## OPINION AND ORDER

Gregory Rice commenced this action in the Circuit Court of Pulaski County, Arkansas on

June 28, 2016, against entities and individuals involved in the operation of Woodland Hills

Healthcare and Rehabilitation, a Little Rock nursing home.  Document #2.  Gregory Rice represents

the estate of his father, Fred Rice, along with the wrongful death beneficiaries of Fred Rice.  *Id.*

Fred Rice resided at Woodland Hills from February 21, 2014, until his death on May 4, 2015.  *Id.*

at 2-3, ¶ 4.  The complaint alleges that Woodland Hills was chronically understaffed in violation of

Arkansas's Long-Term Care Facility Residents Rights Act, the Arkansas Deceptive Trade Practices

Act, the admission agreement, and the provider agreement; that the failure to adequately staff

Woodland Hills constituted ordinary negligence, medical malpractice, and intentional interference

with a contractual relationship; and that the defendants engaged in a civil conspiracy to violate and

conceal past violations of laws against understaffing.  The defendants removed the action to this

Court on August 19, 2016, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Document

#1.  Rice has filed a motion to remand.  Document #5.  For the following reasons, Rice's motion is

granted.

A defendant may remove a state court action to federal court only if the federal district court

has original jurisdiction.  28 U.S.C. § 1441(a); *see also Arnold Crossroads, L.L.C. v. Gander*

*Mountain Co.*, 751 F.3d 935, 938 (8th Cir. 2014).  District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a)(1).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted).  Once an action is removed, a plaintiff may move to remand the action to state court, and the action must be remanded if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The burden is on the defendant to establish the Court's jurisdiction by a preponderance of the evidence.  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

Although Gregory Rice is a citizen of California, section 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."  Fred Rice was a citizen of Arkansas and defendants Richard West and Jacquelyn Campbell are citizens of Arkansas.  The defendants have acknowledged that "as Special Administrator of the Estate, Mr. Gregory Rice is deemed a citizen of Arkansas."  Document #7 at 2.  They argue, however, that Gregory Rice is not pursuing this action in his role as the legal representative of Fred Rice's estate but rather as the representative of the wrongful death beneficiaries.  Because the estate does not receive any portion of a recovery in a wrongful death action under Ark. Code Ann. § 16-62-102(e), the defendants argue that Gregory Rice is not a legal representative of the estate and is deemed a citizen of California.  Document #7 at 3 (citing *Steinlage ex rel. Smith v. Mayo Clinic Rochester*, 435 F.3d 913, 920 (8th Cir. 2006) (applying Minnesota law)).

The complaint seeks relief for injuries Fred Rice endured during his life time, including, but not limited to, dehydration, over-medication, failure to schedule grooming and hygiene appointments, multiple falls, and pressure ulcers.  Document #2 at 14, ¶ 34.  The complaint also seeks relief for his death.  *Id*.  These are injuries for which Fred Rice could have sought relief, had he survived, and any recovery for these injuries will go to the estate.  *See* Ark. Code Ann. § 16-62-101; *McMullin v. United States*, 515 F. Supp. 2d 914, 919 (E.D. Ark. 2007).  The complaint alleges both a wrongful death claim and a survival claim.

In Arkansas, survival claims and wrongful death claims are "typically brought by the personal representative of the decedent and joined in one action."  1 Howard W. Brill, Ark. Law of Damages § 34:1 (2015) (citing *Dawson v. Gerritsen*, 295 Ark. 206, 748 S.W.2d 33 (1988)).  The survival claim—for which the personal representative is the legal representative of the estate as contemplated by section 1332(c)(2)—destroys complete diversity.  *See Gustafson v. Zum Brennen*, 546 F.3d 398, 402 (7th Cir. 2008).  Even if Rice, as a representative of the wrongful death beneficiaries, is a citizen of California, he is also a representative of the estate, and in that capacity he is deemed to be a citizen of Arkansas, which destroys diversity jurisdiction.

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Again, West and Campbell are citizens of Arkansas.  They were properly joined and served.  Documents #5-2 and #5-3.  The defendants summarily argue that the Court should disregard their citizenship because they were fraudulently joined.  Document #7 at 3.  "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  *In re Prempro*, 591

F.3d at 620 (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)).  The defendants must show by a preponderance of the evidence that Rice's claims against West and Campbell have "no reasonable basis in fact and law."  *See Filla*, 336 F.3d. at 810 (quotation and citation omitted).  The defendants' bare assertion that Rice does not intend a joint judgment against all the defendants and that he has focused his allegations on the corporations that operate Woodland Hills, rather than on the conduct of West and Campbell as a nursing home administrator and director of nursing, does not satisfy this burden.  Document #7 at 4.

## CONCLUSION

Rice's motion to remand is GRANTED.  Document #5.  This action is remanded to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED this 19th day of October, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE